UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SUSANNA COADY,              )
                            )
         Plaintiff          )
                            )
v.                          )    No. 2:17-cv-00217-JAW
                            )
DIGIDEAL CORPORATION,       )
                            )
         Defendant          )

### MEMORANDUM DECISION AND ORDER ON MOTION FOR SERVICE

The plaintiff, appearing *pro se*, has filed a motion requesting the court to serve her complaint on the defendant. *See* [Motion for Service] ("Motion") (ECF No. 4). For the reasons that follow, I deny the Motion without prejudice.

### I. Background

The plaintiff's motion states, somewhat ambiguously, that she has "reached out 2 times to Digideal Corporation with no response from them." *Id*. It is unclear whether this means that she has attempted to serve a formal summons on the defendant, or has attempted to initiate some other form of contact.

### II. Discussion

As a threshold matter, the court takes judicial notice of the fact that, on February 22, 2017, about four months before the filing of the complaint herein, the defendant filed a Voluntary Petition for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Eastern District of Washington. *See* ECF No. 1, *In re Digideal Corporation* ("*In re Digideal*"), Bankruptcy Petition # 17-00449-FPC11 (Bankr. E.D. Wash.). The filing of a petition for bankruptcy triggers an automatic stay of the commencement or continuation of litigation against the filer until such time

1

as the bankruptcy case is closed or dismissed, a discharge is granted or denied, or a party in interest obtains relief from the automatic stay. *See* 11 U.S.C. §§ 362(a)(1), (c)(2), (d); *Peerless Ins. Co. v. Rivera*, 208 B.R. 313, 315 (D.R.I. 1997) (discussing the standard required for a party to prevail on a motion to lift a bankruptcy stay "for cause").

On July 17, 2017, the plaintiff, proceeding as a *pro se* creditor, filed a motion in the bankruptcy court for relief from the automatic stay to pursue her action in this court. *See* Susanna P. Coady Motion for RELIEF from the Automatic Stay ("Coady Motion") (ECF No. 130), *In re Digideal*. She filed a notice of that motion, with a copy thereof, in this court on July 12, 2017, five days before the bankruptcy filing. *See* Notice of Motion and Time to Object (ECF No. 8). On July 24, 2017, she filed copies in this court of Digideal's objection to her motion for relief from stay and her reply, *see* ECF No. 9, which were filed in the bankruptcy court on July 18, 2017, and July 26, 2017, respectively, *see* ECF Nos. 133, 165, *In re Digideal*. The bankruptcy court scheduled a hearing on the plaintiff's motion for relief from stay for August 8, 2017. *See* ECF No. 174, *id*.

Until the bankruptcy court grants the plaintiff's motion for relief from stay or the defendant's bankruptcy case is terminated, no service of process can issue.

Second, and in any event, as explained in a handbook for *pro se* parties provided to the plaintiff on June 14, 2017, *see* ECF No. 5 (copy of cover letter transmitting handbook), the Clerk's Office serves complaints only on behalf of *pro se* litigants who successfully petition the court to proceed *in forma pauperis, see* Information for Pro Se Parties, United States District Court, District of Maine ("*Pro Se* Handbook"), at 13 ("If the plaintiff has been granted leave to proceed in forma pauperis, the Court may order that service of the complaint be completed by the Clerk's Office.").

Should the plaintiff remain interested in having the Clerk's Office serve the complaint for her at such time as the automatic stay is lifted or the defendant's bankruptcy case ends, she is directed to complete and file the Application To Proceed in District Court Without Prepaying Fees or Costs found at page 31 of the *Pro Se* Handbook. Otherwise, the plaintiff may avail herself of the Clerk's Office's assistance in properly completing either (i) forms requesting that the defendant waive formal service or (ii) a summons if the defendant is to be formally served, although in that case it will remain the plaintiff's responsibility to serve the summons and complaint upon the defendant in accordance with Federal Rule of Civil Procedure 4. *See id*. at 13.

### III. Conclusion

The plaintiff's motion for the court to serve her complaint on the defendant is **DENIED** without prejudice pending the adjudication of her motion for relief from stay and her filing of a successful petition to proceed *in forma pauperis*.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 8th day of August, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge